FILED
SUPERIOR COURT
OF GUAM

2021 JUN -9 AM 10: 26

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0132-12** |
| | GPD Report No. 12-06118 |
| **v.** | |
| | **DECISION AND ORDER** |
| **MUKI JOSEPH REDHART CALLAHAN,** | **GRANTING DEFENDANT'S MOTION** |
| DOB: 06/17/1995 | **TO LIMIT DIRECT TESTIMONY** |
| | **OF VALERIA CEPEDA AND** |
| Defendant. | **TO NOT ADMIT HER INTAKE REPORT** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on May 10, 2021 for hearing on Defendant Muki Joseph Redhart Callahan's ("Defendant's") Motion to Limit the Direct Testimony of Valeria Cepeda and to Not Admit Her Intake Report ("Motion"). Assistant Attorney General James Basil O'Mallan, III represents the People, and Assistant Public Defender Jocelyn M. Roden represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS** Defendant's Motion.

## BACKGROUND

Defendant is accused of <u>Charge One</u>: *Six Counts* of First Degree Criminal Sexual Conduct (as a 1st Degree Felony), <u>Charge Two</u>: First Degree Criminal Sexual Conduct (as a 1st Degree Felony), <u>Charge Three</u>: First Degree Criminal Sexual Conduct (as a 1st Degree Felony), <u>Charge Four</u>: *Six Counts* of Second Degree Criminal Sexual Conduct (as a 1st Degree Felony), <u>Charge Five</u>: Second Degree Criminal Sexual Conduct (as a 1st Degree Felony), <u>Charge Six</u>: Second Degree Criminal Sexual Conduct (as a 1st Degree Felony), and <u>Charge Seven</u>: Second Degree Criminal

Decision and Order Granting Defendant's Motion to Limit Direct Testimony of Valerie Cepeda and to Not Admit Her Intake Report
CF0132-12, *People of Guam v. Muki Joseph Redhart Callahan*
Page 1 of 3

Sexual Conduct (as a 1st Degree Felony). Superseding Indictment (Jun. 21, 2012). The victims in this case are K.R.F. (DOB: 04/02/2003) and M.J.T. (DOB: 01/26/2007). Id.

Following the alleged incidents, K.R.F. underwent an intake assessment at the Healing Hearts Crisis Center with social worker Valerie Cepeda. *See* Trial Transcript, Day Three, Page 184 (Oct. 1, 2013). The People now plan to call Valerie Cepeda as a witness. *See* People's Third Amended Witness List (Apr. 16, 2021).

On May 7, 2021, Defendant filed his Trial Brief requesting to limit the direct testimony of Valerie Cepeda to avoid hearsay statements and to not admit her intake report. Defendant's Trial Brief (May 7, 2021). Defendant claims K.R.F.'s intake interview with Valerie Cepeda does not fall under the Guam Rules of Evidence ("GRE") Rule 803(4) hearsay exception because it was done to check her emotional rather than physical medical state. Id.

The Court held a hearing on May 10, 2021. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." GRE 801(c). Hearsay is generally inadmissible. GRE 802. However, "statements made for purposes of medical diagnosis or treatment and describing medical history, past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment" are not excluded by the hearsay rule. GRE 803(4).

The Guam Supreme Court has previously found this hearsay exception to cover examining physicians and social workers at the Healing Hearts Crisis Center. *See People v. Martin*, 2018 Guam 7 ¶ 48. When determining whether statements are admissible under the medical treatment exception, the Court looks at both "the intent of the person asking the questions" and "whether the respondent understands herself to be providing information for purposes of medical treatment." *Martin*, ¶ 43 (quoting *People v. Ignacio*, 10 F.3d 608, 612 (9th Cir. 1993)).

Looking at Valerie Cepeda's intent in asking the questions, it's clear that she organized the line of questions and subsequent report for reasons beyond providing medical treatment. As

Decision and Order Granting Defendant's Motion to Limit Direct Testimony of Valerie Cepeda and to Not Admit Her Intake Report
CF0132-12, *People of Guam v. Muki Joseph Redhart Callahan*
Page 2 of 3

Valerie Cepeda previously testified, one purpose of her intake assessment was to find out "who, what, where, when, and how" the abuse happened. Trial Transcript, Day Three, pg. 211 (Oct. 1, 2012). Any questions made to reveal the identity of K.R.F.'s assailant clearly exist to not only obtain medical diagnosis, but also to build a case against the Defendant. Any such answers to these questions are testimonial in nature and are inadmissible hearsay. Furthermore, Valerie Cepeda dedicates a significant chunk of her intake assessments towards behavioral health problems, such as screening for drug/alcohol abuse and suicidal ideations. Trial Transcript, Day Three, pg. 184-185 (Oct. 1, 2013). While the intake report exists to inform the nurse examiner what services the client may need, such reports routinely include referrals to psychiatric counseling at other agencies. Id. at pg. 185. K.R.F.'s answers to these questions, as well as Valerie Cepeda's intake report focus on K.R.F.'s emotional state rather than her physical medical state, and do not fall within the GRE Rule 803(4) hearsay exception.

It is also unclear whether K.R.F. knew herself to be providing such statements for purposes of medical treatment. When K.R.F. was asked if she knew why she was speaking to Valerie Cepeda, she responded "because Muki, he's in jail." Id. at 190. K.R.F. was speaking to someone who routinely conducts forensic interviews, and may have reasonably believed that the purpose of providing information concerning her assailant's identity and cause of her injuries was for building a legal case rather than obtaining medical treatment.

**CONCLUSION**

For the reasons stated above, the Court **GRANTS** Defendant's Motion. Both Valerie Cepeda's written report and K.R.F.'s statements made during her intake interview with Valerie Cepeda are inadmissible and do not fall under the GRE Rule 803(4) hearsay exception.

**IT IS SO ORDERED** this ___June 9, 2021___ *nunc pro tunc* to May 10, 2021.



**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Granting Defendant's Motion to Limit Direct Testimony of Valerie Cepeda and to Not Admit Her
Intake Report
CF0132-12, *People of Guam v. Muki Joseph Redhart Callahan*
Page 3 of 3